**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DAVID LEE WISDOM, #01093470,** ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **3:05CV-2506-N** |
| ) | **ECF** |
| **DOUGLAS DRETKE, Director, Texas** ) | |
| **Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| **Respondent.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for writ of habeas corpus filed by a state inmate pursuant

to 28 U.S.C. § 2254.

Parties:  Petitioner is confined within the Texas Department of Criminal Justice,

Correctional Institution Division (TDCJ-CID).  Respondent is the Director of TDCJ-CID.  The

Court did not issue process in this case, pending preliminary screening.

Statement of the Case:  Following his plea of not guilty, a jury found Petitioner guilty of

aggravated assault with a deadly weapon in the 18th Judicial District Court of Johnson County,

Texas, in cause number F35374.  (Petition for Writ of Habeas Corpus (Pet.) at 2).  Punishment

was assessed at seventeen years imprisonment.  (Id.).  The Court of Appeals for the Tenth

District of Texas at Waco affirmed the judgment of conviction on July 14, 2004.  Petitioner did

not file a petition for discretionary review (PDR).[1]

Petitioner subsequently filed two applications for writ of habeas corpus pursuant to art.

11.07, Texas Code of Criminal Procedure -- the first one on October 15, 2004, and the second

one on July 25, 2005.[2]  The Texas Court of Criminal Appeals dismissed the first application on

June 15, 2005, because Petitioner's direct appeal was pending as of its filing, see Ex parte

Wisdom, No. WR-60,810-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=231135

(Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal

Appeals on Jan. 3, 2006), and denied the second application without written order on October 5,

2005, Ex parte Wisdom, No. WR-60,810-02, www.cca.courts.state.tx.us/opinions/Case.asp?

FilingID=237120 (Docket Sheet information generated from the Texas Judiciary Online – Court

of Criminal Appeals on Jan. 3, 2006).

Thereafter, on December 22, 2005, Petitioner filed the instant federal petition for writ of

habeas corpus.  (Pet. at 1).  He asserts the trial court abused its discretion in denying his motion

for continuance.  (Id. at 7).[3]

---

[1]      Attached to his federal petition is the March 31, 2004 opinion reversing the
judgment of conviction and remanding the case to the trial court.  (Pet. at second attachment).
This opinion was withdrawn on July 14, 2004, contemporaneously with the filing of the opinion
affirming Petitioner's conviction.

[2]      The office of the Magistrate Judge called the Johnson County District Clerk's
Office to confirm the date of filing of Petitioner's art. 11.07 applications.  Those dates coincide
with the dates of mailing -- October 6, 2004, and July 19, 2005, respectively -- provided by
Petitioner in his federal petition.

[3]      For purposes of this recommendation, the petition is deemed filed on December
19, 2005, the date Petitioner signed it and presumably placed it in the prison mail.  See Spotville
v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for
determining application of the AEDPA when the prisoner tenders it to prison officials for

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  The District Court may raise the affirmative defense of the statute of limitations *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction

_____

mailing).

[4]        On January 23, 2006, the Magistrate Judge issued a show cause order, informing Petitioner of the one-year statute of limitations and granting him thirty days to show cause why his petition should not be dismissed as barred by the limitation period.  Petitioner filed his response on February 3, 2006.

became final at the conclusion of direct review or upon the expiration of the time for seeking

such review.  See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on August 13, 2004, the last day on which Petitioner

could have filed a petition for discretionary review with the Texas Court of Criminal Appeals.

Therefore, the one-year period began to run on August 14, 2004, the day after Petitioner's

conviction became final.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998).[5]

28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of a properly filed

state habeas application.  Petitioner's first state application was not "properly filed."  Petitioner

filed his first state writ on October 15, 2004, ten days *before* the Court of Appeals issued a

mandate in his direct appeal.  The Fifth Circuit has held that an art. 11.07 application filed, as in

this case, *before* the issuance of a mandate by the state court of appeals was *not* "properly filed"

and, thus, could not toll the one-year limitation period.  Larry v. Dretke, 361 F.3d 890, 893-95

(5th Cir. 2004), cert. denied, 125 S.Ct. 141 (2004).

Petitioner mailed his second state application on July 19, 2005.  As of July 25, 2005, the

date on which the Johnson County District Clerk filed the same, 345 days of the one-year

limitation period had elapsed.  The state application remained pending until October 5, 2005,

during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2).  See also

Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th

Cir. 1998).  The one-year period resumed running on October 6, 2005, and expired twenty days

---

[5]        Although the court of appeals issued a mandate on October 25, 2004, that date
does not control the limitation analysis in this case.  The Fifth Circuit has held that issuance of a
mandate does not determine when a conviction becomes final for purposes of the AEDPA one-
year limitation period.  See Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003).

later on October 25, 2005 -- 55 days before Petitioner can be deemed to have mailed his federal

petition in this case on December 19, 2005.  Therefore, the federal petition is time barred absent

equitable tolling.[6]

Petitioner's pleadings, even when liberally construed in accordance with his *pro se*

status, do not present "rare and exceptional circumstances" warranting equitable tolling, <u>Davis v.

Johnson</u>, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, <u>United

States v. Patterson</u>, 211 F.3d 927, 930 (5th Cir. 2000).  "[N]either a plaintiff's unfamiliarity with

the legal process nor his lack of representation during the applicable filing period merits

equitable tolling."  <u>Turner v. Johnson</u>, 177 F.3d  390, 392 (5th Cir. 1999).  Moreover,

Petitioner's own allegations reflect that he did not pursue "the process with diligence and

alacrity."  <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000), <u>reh'g granted in part</u>, 223

F.3d 797 (5th Cir. 2000).

Petitioner questions why prisoners are not notified of the date on which a mandate is

issued so that they can timely apply for an art. 11.07 application.  (Pet's Response filed Feb. 3,

2006, at 3).  Petitioner also questions why the Texas Court of Criminal Appeals unreasonably

delayed the dismissal of his first art. 11.07 application by approximately six months.  (<u>Id.</u> at 4).

He argues that had the Texas Court of Criminal Appeals acted expediently in dismissing his first

---

[6]        This petition would be time barred even if the Court were to rely on the date of
mailing of the second art. 11.07 application.

        Nevertheless the Court notes that the Fifth Circuit Court of Appeals has "decline[d] to
extend the mailbox rule to the determination of filing dates for state habeas applications."
<u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir.1999).  The proper inquiry is "whether the
prisoner is entitled to equitable tolling."  <u>See</u> <u>id.</u>  As set out more fully below, Petitioner cannot
meet the strict requirements for equitable tolling in this case.

state application, this federal petition would be timely.  (Id.).

This is not a case in which the petitioner was unaware that the state application was premature or deficient in any ways until *after* the running of the one-year period.  See Morrison v. Dretke, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec. 13, 2004) (holding petitioner was entitled to equitable tolling because he was not put on notice that his first state habeas application was deficient until it was returned by the county district clerk after the one-year statute of limitations had expired).  As a matter of fact, the Court of Criminal Appeals dismissed the first state application on June 15, 2005, with 59 days remaining on the one-year limitation period.

Petitioner's own allegations reflect that he did not act with due diligence during this 59-day period.  Following the dismissal of his first application, Petitioner waited approximately one month before resubmitting his state application for filing.  Petitioner also waited more than two months, following the denial of his second art. 11.07 application, before submitting this federal petition for filing.  These delays – clearly of Petitioner's own making – do not evince due diligence.  "[E]quity is not intended for those who sleep on their rights.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, the court concludes that Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons the Magistrate Judge recommends that the District Court

dismiss with prejudice the petition for writ of habeas corpus as barred by the one-year limitation

period.  See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 4th day of April, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996) (en banc), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.